UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| TASHAYLA RAMSEY, individually and on behalf of all others similarly situated, | § | |
| Plaintiff, | § | |
| v. | § | No.: 2:26-cv-01291-WSH |
| MAGELLAN HRSC, INC., | § | FRCP 23 Class Action |
| Defendant. | § | Jury Trial Demanded |

## PLAINTIFF'S FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. This lawsuit arises under the Fair Labor Standards Act (FLSA) against Defendant Magellan HRSC, Inc. Defendant instituted company-wide policies that failed to pay Plaintiff and similarly situated workers for all hours worked. As a result of not paying for all hours worked, Defendant owes substantial wages to Plaintiff and similarly situated workers.

2. Specifically, Defendant failed to compensate Plaintiff and the Similarly Situated Workers for the time spent logging into computer systems and opening required computer programs prior to the start of their scheduled shifts. Defendant's compensation policies violate the FLSA which requires non-exempt employees, such as Plaintiff, to be compensated at one and one-half times their regular rates of pay for each hour worked over 40 per week. *See* 29 U.S.C. § 207(a). Similarly, Defendant's compensation policies violate the Pennsylvania Minimum Wage Act (PMWA), which also requires non-exempt employees, such as Plaintiff, to be compensated at one and one-half times their regular rates of pay for each hour worked over forty (40) per week. 43 P.S. §§ 333.101 *et seq.* Furthermore, as a result of not paying Plaintiff for all compensable hours worked in non-overtime weeks, Defendant has violated the common law of Pennsylvania.

Plaintiff is owed money for the time spent working for Defendant that went unpaid in non-overtime weeks as a result of Defendant's illegal compensation policies.

3. Plaintiff brings this collective action to recover unpaid overtime wages owed to her individually and on behalf of all current and former hourly paid call center employees of Defendant at any time during the three-year period prior to the filing of the Original Complaint.

4. Plaintiff also brings her claims under the PMWA on behalf of all current and former hourly paid call center employees of Defendant who worked in Pennsylvania at any time during the three-year period prior to the filing of the Original Complaint. Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. Finally, Plaintiff brings her claims for breach of contract, quantum meruit and unjust enrichment on behalf of all current and former hourly paid call center employees of Defendant who worked in Pennsylvania at any time during the four-year period prior to the filing of the Original Complaint. Plaintiff brings these claims as a class action pursuant to Federal Rule of Civil Procedure 23.

## SUBJECT MATTER JURISDICTION AND VENUE

6. This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, as this case is brought under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. § 216(b).

7. Further, this Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff worked for Defendant in this District, was denied wages in this District, and the harms alleged to have occurred took place in this District.

**PARTIES AND PERSONAL JURISDICTION**

9. Plaintiff Ramsey is an individual residing in Pennsylvania.

10. The "FLSA Collective Members" are all of Defendant's current and former hourly paid call center employees, and all employees in substantially similar positions, who worked in the United States for at least one week during the three-year period prior to the filing of the Original Complaint to the entry of judgment.

11. The "PMWA Class Members" are all of Defendant's current and former hourly paid call center employees, and all employees in substantially similar positions, who worked in Pennsylvania for at least one week during the three-year period prior to the filing of the Original Complaint to the entry of judgment.

12. The "PA Common Law Class Members" are all of Defendant's current and former hourly paid call center employees, and all employees in substantially similar positions, who worked in Pennsylvania for at least one week during the four-year period prior to the filing of the Original Complaint to the entry of judgment.

13. Together, the FLSA Collective Members, PMWA Class Members and PA Common Law Class Members are referred to as the "Similarly Situated Workers." The PMWA Class Members and the PA Common Law Class Members are collectively referred to as the "Pennsylvania Class Members."

14. Defendant Magellan HRSC, Inc. is a foreign corporation that operates in the Commonwealth of Pennsylvania. Said Defendant can be served with process by serving its registered agent, Corporation Service Company, 2595 Interstate Dr., #103, Harrisburg, PA 17110.

15. This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business activities in Pennsylvania. Defendant has established minimum contacts sufficient to confer jurisdiction over it, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice. The exercise of jurisdiction over Defendant is, therefore, consistent with the constitutional requirements of due process.

16. Further, there is general jurisdiction over Defendant because it has registered to do business in Pennsylvania. *Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122 (2023). In *Mallory*, the Supreme Court held that there was general jurisdiction over a company in Pennsylvania despite the fact that the company did not maintain its headquarters in Pennsylvania and was not incorporated in Pennsylvania. In *Mallory*, the Supreme Court allowed the plaintiff to pursue his claims against the company in Pennsylvania even though he worked for the company in Virginia and Ohio and was injured in Virginia and Ohio because, under Pennsylvania law, foreign companies that are registered to do business in the state are treated the same as domestic companies for purposes of personal jurisdiction.

17. Moreover, this claim arises out of the failure to pay Plaintiff the wages she owed for the work she performed for Defendant in Pennsylvania.

## COVERAGE

18. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

19. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

20. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard.

21. At all material times, Plaintiff and the FLSA Collective Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

22. At all material times, Defendant was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the FLSA Collective Members.

23. At all material times, Defendant has been governed by and subject to the PMWA.

24. At all material times, Plaintiff has been an employee within the meaning of the PMWA. *See* 43 P.S. § 333.103(h).

25. At all material times, Defendant has been an employer within the meaning of the PMWA. *See* 43 P.S. § 333.103(g).

26. At all material times, Defendant was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the PMWA Class Members.

## FACTS

27. Defendant is a company that provides behavioral health services. Defendant's website states as follows:

> Magellan Healthcare has spent more than 50 years leading the way in the behavioral health industry providing innovative, impactful solutions. Our robust approach helps decrease costs, improve engagement and increase community tenure, leading to better lives for the members we serve.

(https://www.magellanhealthcare.com/health-plans/magellan-health-plan-solutions/, last visited May 31, 2026).

28. To provide these services, Defendant operates a behavioral health call center. The employees that work in Defendant's behavioral health call center work across the country for Defendant.

29. Plaintiff worked for Defendant as an hourly paid behavioral health call center employee from June 2023 to February 2024. She was paid an hourly rate that was approximately $17.90 per hour. She worked a schedule that was five days a week for 40 hours per week. She worked overtime in one or more weeks for Defendant. In fact, she worked overtime hours during the pay period of February 18, 2024, to February 24, 2024. She worked for Defendant in Pennsylvania.

30. Plaintiff's primary duty was to communicate with the customers of Defendant, record notes from speaking with them, and to answer general questions for them. Her job involved answering phone calls throughout the day as part of Defendant's call center operations.

31. As it did to Plaintiff, Defendant paid its call center employees on an hourly basis.

32. As it did to Plaintiff, Defendant classified its call center employees as not exempt from overtime.

33. Defendant employs hundreds of call center employees nationwide.

34. Unfortunately, Defendant did not pay for all hours worked by Plaintiff and Similarly Situated Workers.

35. Plaintiff and the Similarly Situated Workers were required to clock in at their scheduled shift start time.

36. However, prior to clocking in, Plaintiff and the Similarly Situated Workers were required to log into a computer provided by Defendant, connect to a secure VPN, and then open a series of computer programs that were necessary for them to perform their job duties. Plaintiff

and the Similarly Situated Workers were required to do this work before they clocked in. If they failed to do so, they could be disciplined.

37. In fact, Defendant required Plaintiff and the Similarly Situated Workers to be logged into the computer, to be connected to the VPN, to have opened their programs, and to be ready to field calls at the time their scheduled shift began. Thus, Plaintiff and the Similarly Situated Workers had to do this necessary preliminary work prior to the start of their shift. The time spent doing this work was approximately 5 to 15 minutes each day.

38. The time spent to log into the work computer, connect to the VPN, and open the required computer programs was necessary to ensure that Plaintiff and the Similarly Situated Workers could perform their job duties for Defendant in communicating with the people who called into the call center.

39. Without the computer, VPN, and required computer programs, Plaintiff and the Similarly Situated Workers could not do their job duties for Defendant. Indeed, the computer, VPN, and required programs were the essential tools that enabled Plaintiff and the Similarly Situated Workers to do their work for Defendant.

40. Therefore, the time spent logging into the work computer, connecting to the VPN, and opening each of the required computer programs was integral and indispensable to the principal activity and primary job duty performed by Plaintiff and the Similarly Situated Workers, which was to communicate with people who called into the call center, record notes from speaking with them, and to answer questions for them.

41. By not paying for all time worked, Defendant violated the law. Thus, Plaintiff and the Similarly Situated Workers are owed substantial wages for the time spent working each week that went unpaid.

42. Defendant's actions in this case were willful. Defendant knew the requirement to pay for all time worked and to pay overtime wages but intentionally and/or recklessly chose to disregard the law.

43. Defendant prevented Plaintiff from learning of her rights under the FLSA.

44. Defendant prevented Plaintiff from learning of her rights under Pennsylvania wage laws.

45. Defendant led Plaintiff to believe she had been paid for all hours worked, when she had not been.

46. Defendant led Plaintiff to believe she had been paid for all hours worked at the rate required by law, when she had not been.

47. Defendant never offered to resolve Plaintiff's unpaid wage claim.

48. Defendant never tried to calculate the amount Plaintiff would be owed under the FLSA.

49. Defendant never tried to calculate the amount Plaintiff would be owed under Pennsylvania wage laws.

50. Defendant never produced any record to Plaintiff of any potential wages she may be owed under the FLSA.

51. Defendant never produced any record to Plaintiff of any potential wages she may be owed under Pennsylvania wage laws.

52. At the time Plaintiff's employment with Defendant ended, she was not represented by counsel regarding the claims at issue in this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all hourly paid call center employees during the three-year period prior to the filing of the Original Complaint to the entry of judgment.

54. Plaintiff has actual knowledge, through conversations with other employees, that a class of similarly situated workers exists who have been denied pay by being subjected to the same illegal pay practices described above.

55. The FLSA Collective Members are similarly situated to Plaintiff in that they share the same duties and were subject to Defendant's policies of not paying for all hours worked.

56. Defendant uses the same compensation structure regardless of the supervisor of a particular FLSA Collective Member.

57. All FLSA Collective Members performed the same job functions.

58. The names and addresses of the FLSA Collective Members of the collective action are available from Defendant's records. The FLSA Collective Members should be allowed to receive notice via First Class Mail, email, via text and via a website with basic information about the lawsuit or by use of techniques and a form of notice similar to those customarily used in representative actions.

59. Although the exact amount of damages may vary among individual FLSA Collective Members, the damages for each individual can be easily calculated using a simple formula.

60. The class of similarly situated FLSA Collective Members may be properly defined as follows:

> All current and former hourly paid call center employees, and all employees in substantially similar positions, who worked

at least one week during the three-year period prior to the filing of the Original Complaint to the entry of judgment.

61. Defendant's failure to pay overtime in accordance with the FLSA was willful and not based on a good faith belief that its conduct did not violate the FLSA. As such, the foregoing conduct constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

CLASS ACTION ALLEGATIONS

62. Plaintiff brings a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following classes:

> **PMWA Class: All current and former hourly paid call center employees, and all employees in substantially similar positions, who worked at least one week in Pennsylvania during the three-year period prior to the filing of the Original Complaint to the entry of judgment.**
>
> **Common Law Class: All current and former hourly paid call center employees, and all employees in substantially similar positions, who worked at least one week in Pennsylvania during the four-year period prior to the filing of the Original Complaint to the entry of judgment.**

63. Numerosity: The number of members in the classes is believed to exceed 40 and in fact, is likely to be in the hundreds. This volume makes bringing the claims of each individual member of the classes before this Court impracticable. Likewise, joining each individual member of the classes as a plaintiff in this action is impracticable. Furthermore, the identities of the Pennsylvania Class Members will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Pennsylvania Class Members and Defendant.

64. Typicality: Plaintiff's claims are typical of the Pennsylvania Class Members' claims because like the members of the classes, Plaintiff was subject to Defendant's uniform

policies and practices and compensated in the same manner as others in the classes. Defendant failed to pay the Pennsylvania Class Members for all hours they worked. Additionally, members of the classes worked substantially more than 40 hours in a week as non-exempt employees. Accordingly, Plaintiff and the Pennsylvania Class Members have been uncompensated and/or under-compensated in weeks when they worked less than 40 hours and in weeks when they worked more than 40 hours as a result of Defendant's common policies and practices which failed to comply with Pennsylvania law. As such, Plaintiff's claims are typical of the claims of the Pennsylvania Class Members. Plaintiff and all Pennsylvania Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

65. Adequacy: Plaintiff will fairly and adequately protect the interests of the Pennsylvania Class Members because it is in her interests to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under Pennsylvania law. Plaintiff has retained attorneys who are competent in both class actions and wage-and-hour litigation. Plaintiff does not have any interest which may be contrary to or in conflict with the claims of the Pennsylvania Class Members she seeks to represent.

66. Commonality: Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

a. Whether Plaintiff and the Pennsylvania Class Members are entitled to compensation for the time spent logging into the computer, connecting to the VPN, and opening the required programs;

b. The amount of time spent logging into the computer, connecting to the VPN, and opening the required programs;

c. Whether Plaintiff and the Pennsylvania Class Members worked more than 40

hours in a workweek;

d. Whether Defendant failed to pay Plaintiff and the Pennsylvania Class Members wages for all hours worked, including overtime hours; and

e. The proper measure of damages sustained by Plaintiff and the Pennsylvania Class Members.

67. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the classes could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

68. A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Pennsylvania Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Pennsylvania Class Members by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identities of the members of the classes are readily identifiable from Defendant's records.

69. This type of case is well-suited for class action treatment because: (1) Defendant's practices, policies, and/or procedures were uniform; (2) the burden is on Defendant to prove it properly compensated its employees including any potential exemptions that might apply; and

(3) the burden is on Defendant to accurately record hours worked by employees. Ultimately, a class action is a superior form to resolve the Pennsylvania claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Defendant to pay Plaintiff and the Pennsylvania Class Members per applicable Pennsylvania laws.

## CAUSES OF ACTION

### Count 1
### Violation of 29 U.S.C. § 207
### (Collective Action on Behalf of Plaintiff and the FLSA Collective Members)

70. Plaintiff incorporates all allegations in paragraphs 1 through 73.

71. Defendant's practice of failing to pay Plaintiff and the FLSA Collective Members one and one-half times their regular rate of pay for all hours worked over 40 in a workweek violates the law. *See* 29 U.S.C. § 207.

72. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime are applicable to Defendant, Plaintiff, or the FLSA Collective Members.

73. Due to their violations of the FLSA, Defendant is liable to Plaintiff and the FLSA Collective Members for their unpaid overtime, an equal amount as liquidated damages, attorneys' fees and court costs.

### Count 2
### Violation of 43 P.S. § 333.104(c)
### (On Behalf of Plaintiff and the PMWA Class Members)

74. Plaintiff incorporates all allegations in paragraphs 1 through 73.

75. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

76. During all relevant times, Plaintiff and the PMWA Class Members were covered employees entitled to the above-described PMWA protections and worked more than 40 hours in a workweek.

77. Plaintiff and the PMWA Class Members are not exempt from the PMWA.

78. Defendant has violated the PMWA by failing to pay Plaintiff and the PMWA Class Members for all time associated with their pre-shift work as described in this Complaint. *See Heimbach v. Amazon.com, Inc.*, 255 A.3d 191 (Pa. 2021).

**Count 3**
**Breach of Contract**
**(On Behalf of Plaintiff and the PA Common Law Class Members)**

79. Plaintiff incorporates all allegations in paragraphs 1 through 73.

80. A valid and enforceable agreement existed between Plaintiff and Defendant, and the PA Common Law Class Members and Defendant, the terms and conditions of which include, but are not limited to, an agreement by Plaintiff and the PA Common Law Class Members to perform services for Defendant, and for Defendant to pay Plaintiff and the PA Common Law Class Members for all hours worked at an agreed hourly rate.

81. More specifically, under Pennsylvania law, the elements of an enforceable contract are an offer, acceptance, consideration, and mutual meeting of the minds. *Schreiber v. Olan Mills*, 426 Pa. Super. 537, 627 A.2d 806, 808 (Pa. Super. 1993).

82. Here, a contract was formed at the time Plaintiff was hired by Defendant. The contract was an oral offer made at the time of hire. The terms of the contract were straightforward. Plaintiff agreed to perform "hours worked" for Defendant in exchange for Defendant's payment of an hourly rate for all "hours worked" by Plaintiff. That is, Defendant made an offer to Plaintiff to pay Plaintiff an hourly rate for all "hours worked" for Defendant. Plaintiff accepted that offer and

began performing this service for Defendant. "Hours worked" was understood by Plaintiff and Defendant to have the meaning ascribed to it under Pennsylvania law, including the PMWA. Under Pennsylvania law, "hours worked" is the "time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work." 34 Pa. Code § 231.1.

83. Further, the consideration provided by Defendant to Plaintiff was a set amount of money for each hour worked.

84. However, Defendant breached the agreement to pay Plaintiff the agreed upon hourly rate for all "hours worked." Under Pennsylvania law, a party alleging breach of contract "must establish (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (alteration in original) (internal quotation marks and citation omitted).

85. Here, a breach of the contract was committed by Defendant. Defendant had a duty to pay Plaintiff for all "hours worked." However, Defendant failed to pay Plaintiff for time spent logging into the computer, connecting to the VPN, and opening the required computer programs, breaching its agreement with Plaintiff. These activities constitute "hours worked" because Plaintiff was required to use the computer, connect to the VPN, and open the required computer programs by Defendant. Indeed, these activities were a mandatory and necessary component to do call center work for Defendant.

86. Further, Plaintiff was required by Defendant to be "on duty," given that Plaintiff was required to log into the computer, connect to the VPN, and open the required computer programs in order to do her job for Defendant.

87. Finally, Plaintiff suffered damages as a result of Defendant's breach of the agreement. Plaintiff was not paid for all "hours worked" in those weeks when she worked less than 40 hours for Defendant. Consequently, she was denied monetary compensation owed to her under the law.

88. The same facts exist for the PA Common Law Class Members.

89. Plaintiff and the PA Common Law Class Members duly performed under the agreement at Defendant's direction and for its benefit, as noted herein.

90. Defendant failed and refused to fulfill its obligations under the agreement by not paying for all time worked by Plaintiff and the PA Common Law Class Members.

91. Plaintiff and the PA Common Law Class Members are entitled to recover damages from these breaches for the last four years.

**Count 4**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the PA Common Law Class Members)**

92. Plaintiff incorporates all allegations in paragraphs 1 through 73.

93. Indeed, in the alternative to the breach of contract claim, Plaintiff brings a claim for unjust enrichment. "[A] party may plead alternative theories of breach of contract and unjust enrichment when there is a dispute about the existence or validity of the contract in question." *Power Restoration Int'l, Inc. v. PepsiCo, Inc.*, No. 12-1922, 2013 U.S. Dist. LEXIS 148016, at *20 (E.D. Pa. Oct. 11, 2013) (citations and quotations omitted); *see also Khawaja v. RE/MAX Cent.*, 2016 PA Super 261, 151 A. 3d 626, 633 (Pa. Super. 2016).

94. The elements of unjust enrichment are (1) benefits conferred on Defendant by Plaintiff, (2) appreciation of such benefits by Defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for Defendant to retain the benefit without payment of value.

95. Defendant has been unjustly enriched at the expense of Plaintiff and PA Common Law Class Members by failing to pay for pre-shift hours worked by Plaintiff and the PA Common Law Class Members.

96. Defendant knowingly and/or intentionally accepted the benefit of the pre-shift work performed by Plaintiff and the PA Common Law Class Members, despite its policy and practice of failing to pay Plaintiff and the PA Common Law Class Members for such work. In particular, Defendant received the benefits described in this Complaint of Plaintiff's and the PA Common Law Class Members' pre-shift work—namely, the time spent logging into the computer, connecting to the VPN, and opening the required programs.

97. This pre-shift work primarily and substantially benefited Defendant for numerous reasons, including but not limited to the following: (1) this work was designed so that Plaintiff and the PA Common Law Class Members could perform their call center job duties, (2) the computer, VPN, and programs were the tools necessary for them to do their jobs, (3) these programs enabled Plaintiff and the PA Common Law Class Members to service Defendant's customers, and (4) these programs were designed to increase the efficiency of Defendant's business operations so that it could make profits.

98. The pre-shift work was not primarily for the benefit of Plaintiff. Plaintiff derived no personal benefit from performing the pre-shift work. The same facts exist with respect to the PA Common Law Class Members.

99. Such wrongful conduct demonstrates bad faith and undue advantage on the part of Defendant.

100. It would be unjust and inequitable for Defendant to retain the benefit of the unpaid work performed by Plaintiff and the PA Common Law Class Members.

101. Under these facts it would be unjust for Defendant to refuse to pay employees for the time spent performing required pre-shift work in those weeks when Plaintiff and the PA Common Law Class Members worked less than 40 hours.

**Count 5**
**Quantum Meruit**
**(On Behalf of Plaintiff and the PA Common Law Class Members)**

102. Plaintiff incorporates all allegations in paragraphs 1 through 73.

103. Plaintiff and the PA Common Law Class Members performed and provided valuable pre-shift work (described in this Complaint) to Defendant during their employment with Defendant.

104. The pre-shift work was primarily for the benefit of Defendant.

105. Defendant accepted, appreciated, and retained the benefit of Plaintiff's and the PA Common Law Class Members' pre-shift work.

106. No contract exists between Plaintiff and Defendant, and the PA Common Law Class Members and Defendant.

107. Defendant had reasonable notice and/or knowledge that Plaintiff and the PA Common Law Class Members expected to be compensated for their pre-shift hours worked.

108. Defendant failed to pay Plaintiff and the PA Common Law Class Members the reasonable value of their pre-shift work.

109. Under the circumstances described in this Complaint, it would be inequitable for Defendant to retain the benefit without payment of value to Plaintiff and PA Common Law Class Members.

110. Plaintiff and the PA Common Law Class Members are entitled to recover damages under this claim for the last four years.

## PRAYER FOR RELIEF

111. For these reasons, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and the Similarly Situated Workers awarding them:

a. All unpaid wages;

b. Overtime compensation for all hours worked in excess of 40 per week at the rate of one and one-half times their regular rates of pay;

c. An equal amount of their unpaid wages as liquidated damages, as allowed under the FLSA;

d. Reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and PMWA; and

e. Such other and further relief to which Plaintiff and the Similarly Situated Workers may be entitled, both in law and in equity.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: ______________________

**Matthew S. Parmet**
PA Bar # 331609
**PARMET LAW PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone 215 486 0606
matt@parmet.law

**Don J. Foty**
Texas State Bar No. 24050022
(*admitted pro hac vice*)
**FOTY LAW GROUP, P.C.**
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
dfoty@hftrialfirm.com

**Attorneys for Plaintiff**

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

***/s/ Matthew S. Parmet***

____________________________

Matthew S. Parmet